**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

MASSIMO ZANETTI BEVERAGE USA, INC.,

*Plaintiff,*

v.

VITAL PHARMACEUTICALS, INC., and

SERVE:
Corporate Creations Network Inc.
425 W. Washington St., Ste 4
Suffolk, VA 23434-5320

BANG ENERGY, LLC

SERVE:
Corporate Creations Network Inc.
801 U.S. Highway 1
North Palm Beach, FL 33408

*Defendants.*

Case No. ________________

**COMPLAINT**

Plaintiff Massimo Zanetti Beverage USA, Inc., by counsel, and for its Complaint against the Defendants Vital Pharmaceuticals, Inc. and Bang Energy, LLC states as follows in support of its claims.

**INTRODUCTION**

1. This is a civil action for willful infringement of Plaintiff's registered trademarks under the Lanham Act, 15 U.S.C. § 1114, federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), statutory trademark infringement under Virginia law, Va. Code § 59.1-

92.12, and common law trademark infringement and unfair competition under Virginia common law.

**THE PARTIES**

2. Plaintiff Massimo Zanetti Beverage USA, Inc. ("MZB") is a Delaware corporation with its principal place of business in Suffolk, Virginia.

3. Defendant Vital Pharmaceuticals, Inc. ("Vital") is a Florida corporation with its principal place of business at 1600 N. Park Drive in Weston, Florida. Vital is registered with the Virginia State Corporation Commission to transact business in the Commonwealth of Virginia.

4. Defendant Bang Energy, LLC ("Bang" and, collectively with Vital, the "Vital Defendants") is a limited liability company organized under the laws of the state of Florida with a principal place of business at 1600 N. Park Drive in Weston, Florida. Bang is registered with the Virginia State Corporation Commission as a fictitious name of Vital but is registered as a separate limited liability company in Florida. On information and belief, therefore, Bang is an entity controlled by Vital.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, and 1338, because this action arises under an Act of Congress, because MZB's claim of unfair competition is joined with a substantial and related claim arising under the United States trademark laws, and because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

6. The Court has personal jurisdiction over the Vital Defendants because both entities are registered to conduct business in the Commonwealth of Virginia and, on information and belief, do conduct business in Virginia. Further, Vital has appointed a registered agent for service

of process in Suffolk, Virginia, which is located in this judicial district. Additionally, MZB is a corporation with its principal place of business in the Commonwealth of Virginia and has been injured by the Vital Defendants' actions inside and outside of Virginia as a result of the acts set forth in this Complaint. For all of these reasons, the Court has personal jurisdiction over the Vital Defendants under Section 8.01-328.1 of the Virginia code, Virginia's long-arm jurisdiction statute, Va. Code section 8.01-330, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**MZB'S USE OF THE HEAVENLY TRADEMARKS**

7. MZB is a beverage manufacturing corporation that produces, promotes, distributes, and sells several different branded beverages, including coffee bearing the CHOCK FULL O' NUTS trademark (U.S. Trademark Reg. No. 3,068,091 for coffee beverages) (the "CHOCK FULL O'NUTS Brand") (all MZB trademark registrations referenced herein are attached as **Exhibit A**). MZB acquired the CHOCK FULL O' NUTS Brand, including all associated intellectual property, in or about 2005. MZB has continuously sold coffee under the CHOCK FULL O' NUTS Brand for nearly sixteen years.

8. The CHOCK FULL O' NUTS Brand has been used in connection with the sale and promotion of coffee beverages since at least 1953. Throughout the period beginning with such date and continuing uninterrupted through the present time, the CHOCK FULL O' NUTS Brand has been sold, among other distribution channels, through both its own cafes and in retail stores to include grocery stores, big box retailers and club stores located throughout the United States. MZB's current annual revenues from its sales of CHOCK FULL O' NUTS Brand of coffee are approximately 100 million dollars.

9. In connection with its sale and promotion of its coffee beverages, the CHOCK FULL O' NUTS Brand developed a famous campaign in national television and print advertisements promoting its coffee as that "heavenly coffee." In fact, the CHOCK FULL O' NUTS Brand was famously associated with a marketing jingle whose lyrics are as follows:

> ♫*Chock full O'Nuts is that heavenly coffee,*
> *Heavenly coffee, heavenly coffee.*
> *Chock full O'Nuts is that heavenly coffee,*
> *Better coffee Rockefeller's money can't buy*♫

At one time, coffee sold under the CHOCK FULL O' NUTS Brand was the top selling premium coffee sold in the United States.

10. MZB sells different styles of coffee under the CHOCK FULL O' NUTS Brand, including a hazelnut flavored coffee promoted and sold using the HEAVENLY HAZELNUT trademark, US Reg. No. 2,297,002 ("HEAVENLY HAZELNUT Mark" or "'002 Registration").

11. MZB is the owner of the HEAVENLY HAZELNUT Mark for International Class 30 for coffee.

12. The '002 Registration was filed on June 3, 1998, and issued on November 30, 1999. Through its predecessors in interest, MZB has used the HEAVENLY HAZELNUT Mark in commerce continuously since at least as early as April 15, 1994.

13. In addition to the HEAVENLY HAZELNUT Mark, MZB owns the rights to many other marks that use the HEAVENLY trade name in connection with the CHOCK FULL O'NUTS Brand of coffee beverages. These many other marks include: CHOCK FULL O'NUTS – THE HEAVENLY COFFEE (U.S. Trademark Reg. No. 632,806), THE HEAVENLY COFFEE (U.S. Trademark Registration No. 4,387,514), and HEAVENLY (U.S. Trademark Registration No. 3,819,573) (collectively, with the HEAVENLY HAZELNUT Mark, the "HEAVENLY Marks").

14. The HEAVENLY Marks are famous, and MZB and its predecessors in interest have used them for decades throughout the United States in connection with the sale and advertising of coffee beverages. For example, the CHOCK FULL O'NUTS – THE HEAVENLY COFFEE mark, U.S. Trademark Reg. No. 632,806, has been in use since July 1, 1953.

15. Likewise, MZB has used the HEAVENLY HAZELNUT Mark in connection with the sale and advertising of coffee beverages continuously for nearly thirty years, since at least April 15, 1994.

16. CHOCK FULL O'NUTS coffee products bearing the HEAVENLY HAZELNUT Mark are sold in a variety of retail settings, including in both brick-and-mortar grocery stores and online, including at Amazon.com, Walmart.com, and shopmzb.com.

17. The HEAVENLY Marks are valid, subsisting, in full force and effect, and have become incontestable. The registrations for the HEAVENLY Marks constitute conclusive evidence, subject to limited exceptions, of the validity of the HEAVENLY Marks and MZB's ownership of and exclusive right to use the HEAVENLY Marks for coffee beverages throughout the United States.

18. Since 1994, MZB and its predecessors in interest have sold many hundreds of millions of dollars of coffee bearing the HEAVENLY Marks.

19. As a result of MZB's long-term use of the HEAVENLY Marks, including the HEAVENLY HAZELNUT Mark, the trademarks have become well known to the general public, particularly those in the potential market for coffee beverages, such as those offered by MZB and the Vital Defendants. MZB has established extensive goodwill and public recognition in and to the HEAVENLY Marks which have come to designate the origin of its products in a single originating source: MZB.

20. The HEAVENLY Marks are inherently distinctive as related to coffee and have acquired secondary meaning in the minds of the consuming public, thereby associating MZB with the HEAVENLY Marks and with the goods provided in association with the HEAVENLY Marks for nearly seventy years.

21. MZB and its predecessors in interest have expended and continue to expend substantial amounts of money and other resources throughout the United States in the advertising of goods using the HEAVENLY Marks through, inter alia, television, Internet, print advertisements, packaging inserts and order receipts, and various other means.

**THE VITAL DEFENDANTS' UNAUTHORIZED USE OF THE HEAVENLY HAZELNUT MARK**

22. On or about March 2021, MZB learned that the Vital Defendants were marketing and selling a coffee beverage under the Bang Keto Coffee label using the HEAVENLY HAZELNUT Mark.

23. The Vital Defendants use the HEAVENLY HAZELNUT Mark on the packaging for their coffee beverage. An image of the HEAVENLT HAZELNUT Mark on Bang's packaging is below:



24. The Vital Defendants have extensively marketed and promoted their Bang Coffee beverages bearing the HEAVENLY HAZELNUT Mark throughout the nation. As of the date of filing this Complaint, Bang Coffee is available to purchase at multiple brick-and-mortar stores and online through Amazon.com, Walmart.com, and BangEnergy.com

25. Upon learning of the Vital Defendants' infringing use of the HEAVENLY HAZELNUT Mark, MZB, by its corporate counsel, informed the Vital Defendants of their infringing use by letter on or about April 7, 2021. Counsel for the Vital Defendants responded to this letter by denying their liability for trademark infringement and refusing to cease their infringing use of the HEAVENLY HAZELNUT Mark.

26. MZB, by its external intellectual property counsel, then sent another letter to the Vital Defendants' counsel on or about April 30, 2021. The Vital Defendants again refused to comply with MZB's request that they cease their infringing use of the HEAVENLY HAZELNUT Mark.

**IRREPARABLE HARM CAUSED BY THE INFRINGING USE**

27. MZB is being irreparably harmed by the Vital Defendants' use and advertising of the HEAVENLY HAZELNUT Mark in connection with coffee drinks because such use by the Vital Defendants is likely to cause, and has already caused, confusion in the marketplace for coffee beverages.

28. MZB is being irreparably harmed because its use of its HEAVENLY HAZELNUT Mark is identical to the Vital Defendants' infringing use of the HEAVENLY HAZELNUT Mark on their closely related goods.

29. MZB will also be irreparably harmed by the Vital Defendants' use of the HEAVENLY HAZELNUT Mark because they are using it on identical and closely related goods

that are covered by the '002 Registration and MZB's rights in the HEAVENLY HAZELNUT Mark, such that the Vital Defendants' use is likely to cause confusion, mistake, and deception when used in connection with such goods.

30. The established and likely trade channels that the Vital Defendants have used and as of the date of this Complaint are continuing to use to sell the Bang coffee drinks bearing the HEAVENLY HAZELNUT Mark are identical to or nearly identical to the established and likely trade channels used by MZB to offer and sell its CHOCK FULL O'NUTS coffee products with the HEAVENLY HAZELNUT Mark.

31. The '002 Registration describes its goods broadly, and there is no limitation as to the nature, type, channels of trade, or class of purchasers. Thus, by law, it is presumed that this registration encompasses all goods of the type described, that they move in all normal channels of trade, and that they are available to all classes of purchasers.

32. MZB, through its predecessors in interest, acquired and established its exclusive trademark rights in the HEAVENLY HAZELNUT Mark well prior to any use of the HEAVENLY HAZELNUT Mark by the Vital Defendants.

33. The Vital Defendants' infringement of the HEAVENLY HAZELNUT Mark has been a willful, deliberate, and intentional violation of MZB's known rights in that mark. The Vital Defendants willfully, deliberately and intentionally have disregarded MZB's valid and longstanding rights in the HEAVENLY HAZELNUT Mark, and in the HEAVENLY Marks, and are continuing to market and sell infringing products.

**COUNT I: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

34. MZB incorporates and re-alleges the allegations of Paragraphs 1-33 as though fully set forth herein.

35. This is an action for federal trademark infringement arising under the trademark laws of the United States, including Title 15 of the United States Code, and more particularly 15 U.S.C. §§ 1114 and 1116-19, inclusive. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

36. The Vital Defendants are using the HEAVENLY HAZELNUT Mark in a manner that is confusingly similar to MZB's '002 Registration on or in connection with goods that are identical and/or highly related to those covered by MZB's registration, without MZB's consent. The Vital Defendants' use of this confusingly similar trademark for its own identical and/or highly related goods creates confusion, mistake and/or deception as to the identity and origin of the goods by causing consumers across the country to believe that the Vital Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with and/or in some other way legitimately connected to MZB.

37. By its actions, the Vital Defendants have deliberately sought to deceive the public as to the origin and sponsorship of its goods offered in connection with the HEAVENLY HAZELNUT Mark.

38. The Vital Defendants' use of the HEAVENLY HAZELNUT Mark in connection with the Vital Defendants' goods has been made notwithstanding MZB's well-known and prior-established rights in the HEAVENLY HAZELNUT Mark and with both actual and constructive notice of MZB's federal registration rights under 15 U.S.C. § 1072.

39. The Vital Defendants' unauthorized use of the confusingly similar HEAVENLY HAZELNUT Mark in connection with the sale of identical and/or highly related goods and services allows the Vital Defendants to receive the benefit of the goodwill established at great labor and expense by MZB over a period of multiple decades and to gain acceptance of the goods

based on MZB's marks' reputation and goodwill. MZB has no control over the nature or quality of the Vital Defendants' goods or any other aspect of the business conduct of the Vital Defendants. The Vital Defendants' use of the HEAVENLY HAZELNUT Mark deprives MZB of the ability to protect its reputation and to control the consumer perception of the quality of the goods provided under its trademarks.

40. The Vital Defendants' use of the HEAVENLY HAZELNUT Mark constitutes willful infringement of MZB's federally registered HEAVENLY Marks and its rights under 15 U.S.C. § 1114, all to the substantial and irreparable injury of the public and of MZB's business reputation and goodwill.

41. The Vital Defendants' wrongful acts have caused and, unless restrained by this Court, will continue to cause serious irreparable injury and damage to MZB and to the goodwill associated with MZB's HEAVENLY Marks. MZB has no adequate remedy at law.

42. The acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

43. The Vital Defendants' conduct has caused actual harm to MZB and qualifies as a statutory violation entitling MZB to compensatory damages and/or an award of the Vital Defendants' profits from its unauthorized use of the HEAVENLY HAZELNUT Mark.

44. MZB is entitled to a preliminary and a permanent injunction against the Vital Defendants, as well as compensatory damages, treble damages, disgorgement of profits, and costs and attorney fees.

**COUNT II: UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(A)**

45. MZB incorporates and re-alleges the allegations in Paragraphs 1-44 as though fully set forth herein.

46. This is a claim for unfair competition, passing off, trade name infringement, trademark infringement and/or false designation of origin arising under the Lanham Act, Title 15 U.S.C. § 1125(a). This Court has jurisdiction under 15 U.S.C. § 1125(a) and 28 U.S.C. § 1338(a).

47. MZB is the owner of the trade name HEAVENLY HAZELNUT and of the HEAVENLY HAZELNUT Mark, as well as of its entire family of HEAVENLY Marks.

48. MZB has used the HEAVENLY Marks to identify its goods since well before any use of the HEAVENLY HAZELNUT Mark by the Vital Defendants.

49. The HEAVENLY HAZELNUT Mark and the HEAVENLY Marks have appeared in printed and other tangible materials, on radio and television and in online media by MZB in connection with MZB's products.

50. MZB's HEAVENLY HAZELNUT Mark and HEAVENLY Marks are distinctive and have become associated with MZB and thus exclusively identify MZB's goods.

51. The Vital Defendants have wrongly used and are wrongly using the HEAVENLY HAZELNUT Mark in connection with the advertising and sale of goods originating from the Vital Defendants in this district and in other districts throughout the United States in commerce in such a manner as to create a likelihood of confusion, mistake, or deception among actual and prospective consumers. The Vital Defendants' acts have damaged, impaired, and diluted that part of goodwill symbolized by MZB's HEAVENLY Marks, to MZB's immediate and irreparable damage.

52. The Vital Defendants have no right or authority to use the HEAVENLY HAZELNUT Mark in the United States and/or anything confusingly similar thereto.

53. The Vital Defendants' unauthorized use of the HEAVENLY HAZELNUT Mark in the manner alleged herein constitutes unfair competition, passing off, trademark infringement,

trade name infringement and/or false designation of origin in connection with good and services distributed in interstate commerce, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

54. Notwithstanding demands to the Vital Defendants to stop its unauthorized use of the HEAVENLY HAZELNUT Mark, the Vital Defendants continue to use the HEAVENLY HAZELNUT Mark willfully and to the detriment of MZB.

55. The Vital Defendants' aforementioned conduct and actions (1) have already affected interstate commerce by deceiving or confusing third parties as to the origin of the goods and have the likelihood of continuing to deceive or confuse the trade and the public; (2) constitute a false designation of the Vital Defendants' goods by passing them off as being associated with MZB; (3) suggest a non-existent connection with MZB; and/or (4) suggest that MZB has sponsored, licensed or approved of the Vital Defendants' goods or business.

56. The Vital Defendants had actual knowledge of MZB's exclusive rights to use the HEAVENLY HAZELNUT Mark nationally and the Vital Defendants' acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of MZB.

57. The Vital Defendants' acts of infringement have caused MZB irreparable injury and loss of reputation. Unless enjoined by this Court, the Vital Defendants will continue these acts of infringement to MZB's immediate, continuing and irreparable damage. MZB has no adequate remedy at law.

58. The Vital Defendants' acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

59. The Vital Defendants' conduct has caused actual harm to MZB and qualifies as a statutory violation entitling MZB to compensatory damages.

60. MZB is entitled to a preliminary and a permanent injunction against the Vital Defendants, as well as other remedies, including compensatory damages, treble damages, disgorgement of profits, and costs and attorney fees.

**COUNT III: TRADEMARK INFRINGEMENT UNDER VA CODE ANN. § 59.1-92.12**

61. MZB incorporates and re-alleges the allegations of Paragraphs 1-60 as though fully set forth herein.

62. The Vital Defendants are using the HEAVENLY HAZELNUT Mark in a manner that is confusingly similar to MZB's '002 Registration on or in connection with goods that are identical and/or highly related to those covered by MZB's registration, without MZB's consent. The Vital Defendants' use of this confusingly similar trademark for its own identical and/or highly related goods creates confusion, mistake and/or deception as to the identity and origin of the goods by causing consumers across the country to believe that the Vital Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with and/or in some other way legitimately connected to MZB.

63. The Vital Defendants' conduct constitutes infringement of MZB's famous and well-known HEAVENLY HAZELNUT Mark and of MZB's HEAVENLY Marks, under Section 59.1-92.12 of the Code of Virginia.

**COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT, TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, AND PASSING OFF**

64. MZB incorporates and re-alleges the allegations in Paragraphs 1-63 as if they were fully set forth herein.

65. This is a claim for common law trademark infringement, trade name infringement, unfair competition and passing off under the common law of the Commonwealth of Virginia. This Court has jurisdiction over this Count under 28 U.S.C. § 1338(a).

66. MZB's HEAVENLY HAZELNUT Mark and the HEAVENLY Marks are distinctive and have become associated with MZB and thus exclusively identify MZB's goods.

67. MZB's HEAVENLY HAZELNUT and HEAVENLY trade names are distinctive and have become associated with MZB and thus exclusively identify MZB's goods.

68. Despite its knowledge of MZB's prior use of the HEAVENLY HAZELNUT MARK and the HEAVENLY Marks, the Vital Defendants have used and are using the HEAVENLY HAZELNUT Mark in connection with the advertising and selling of the Vital Defendants' extremely related goods in the Commonwealth of Virginia and in interstate commerce.

69. The Vital Defendants' use of the HEAVENLY HAZELNUT Mark and the false association created thereby between MZB and the Vital Defendants are intended to mislead consumers, have caused actual confusion among consumers and are likely to continue to cause confusion with MZB's goods.

70. The Vital Defendants' acts, which were done in bad faith and with actual malice, constitute unfair competition under common law.

71. The Vital Defendants' use of MZB's HEAVENLY HAZELNUT Mark in connection with the advertising and selling of the Vital Defendants' goods in the Commonwealth of Virginia and in interstate commerce is inducing purchasers and others to believe, contrary to fact, that the goods sold by the Vital Defendants are rendered, sponsored, or otherwise approved by, or connected with, MZB. The Vital Defendants' acts have damaged, impaired, and diluted that part of goodwill symbolized by MZB's trademarks to MZB's immediate, continuing and irreparable damage.

72. The nature and effect of the Vital Defendants' use of an identical or confusingly similar trademark in the manner alleged is to enable the Vital Defendants to deceive the public by passing off its goods as being rendered, sponsored, or otherwise approved by or connected with MZB.

73. The Vital Defendants' unauthorized use of the HEAVENLY HAZELNUT Mark, which is identical or confusingly similar to one or more of the trademarks of MZB, in connection with the advertising and sale of goods similar, identical and closely related to MZB's goods, has already caused confusion and is likely to continue to cause confusion, mistake, or deception as to the source of the Vital Defendants' goods and constitutes infringement of MZB's trademarks and trade names under the common law of the Commonwealth of Virginia.

74. The Vital Defendants' acts of infringement of the HEAVENLY HAZELNUT Mark and the HEAVENLY Marks have caused, and are continuing to cause, irreparable harm and damages to MZB, and loss of reputation and pecuniary damages. Unless enjoined by this Court, the Vital Defendants will continue these acts of infringement to MZB's immediate, continuing and irreparable damage.

**PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff Massimo Zanetti Beverage USA, Inc. respectfully requests:

A. That Defendant the Vital Defendants be enjoined from using the HEAVENLY HAZELNUT Mark or any other trademark confusingly similar to the HEAVENLY Marks for any coffee or coffee-related beverages;

B. That the Court order that the Vital Defendants, its officers, agents, employees, and all those working in concert with the Vital Defendants, be required to provide and deliver to the

Court for destruction all products, labels, packages, signs, advertisements, and any other materials in the Vital Defendants' possession, custody or control that use or otherwise display the HEAVENLY HAZELNUT Mark;

C. That MZB be awarded its damages, any profits obtained by the Vital Defendants from its unlawful use of the HEAVENLY HAZELNUT Mark, and the costs of this action;

D. That the Court find this case "exceptional" due to the Vital Defendants' willful and deliberate infringement of MZB's prior and well-known rights and to award MZB enhanced damages, its reasonable attorneys' fees, and other litigation expenses not subsumed in the award of costs;

E. That the Court award punitive damages to MZB based on the Vital Defendants' intentional passing-off and tortious violation of MZB's common law trademark and trade name rights;

F. That the Court make appropriate entry upon the records of the USPTO; and

G. That this Court grant to MZB all further relief that is just and appropriate.

**JURY DEMAND**

Plaintiff Massimo Zanetti Beverage USA, Inc. demands a trial by jury on all issues so triable.

Respectfully Submitted,

MASSIMO ZANETTI BEVERAGE USA, INC.

*By Counsel*

__/s/________________________________
Alexandra M. Gabriel (VSB No. 89185)
William R. Poynter (VSB No. 48672)

KALEO LEGAL
4456 Corporation Lane
Suite 135
Virginia Beach, Virginia 23462
Tele: (757) 238-6383
Fax: (757) 304-6175
agabriel@kaleolegal.com
wpoynter@kaleolegal.com